LOUIS WEINTRAUB, as Secretary of the Bakery and Confectionery Workers' International Union of America, Local No. 509, Plaintiff, v. SAM SPILKE and Another, Defendants.

Supreme Court, Kings County, December 31, 1931.

*Kopp, Markewich & Null* [*Samuel Null* and *Arthur K. Garfinkel* of counsel], for the plaintiff.

*Morris Weinfeld,* for the defendants.

MAY, J. This action is brought to restrain the defendants from engaging employees who are not or may not become members in good standing of Local No. 509, a branch union of or affiliated with the American Federation of Labor. The facts are not in dispute. On June 4, 1929, the defendant Julius Spilke entered into an agreement with Local No. 500, which agreement the plaintiff is seeking to enforce against the said Julius Spilke and the defendant Sam Spilke. The defendants contend that no agreement was entered into with Local No. 509 and that the defendant Sam Spilke entered into no agreement with either Local No. 500 or Local No. 509. I have given little consideration to the defendants' contention that Local No. 509 was not a party to the said agreement. As a part of the internal affairs of the union, Local No. 500 was discontinued, three separate locals created in its place, and the territory in which the bakery shop in question herein was located was thereafter covered by Local No. 509. The change therefrom, for the purposes of this case, was one of form only, and its effect is scarcely more than the change of a name or number.

Sam Spilke, the father of Julius Spilke, was the owner of the bakery covered in the said agreement; was present at the time of the signing thereof by his son, who was employed by him in such bakery; and until the differences arose with the union lived up to and carried out the terms of the said agreement, employed none but members of Local No. 500, and, after it was succeeded, only members of Local No. 509, and purchased all labels in his business from said union. As a result of such agreement, the said Sam Spilke enjoyed all of the benefits to be derived therefrom. The facts speak eloquently that the defendant Sam Spilke ratified and confirmed in every respect the action of his said son Julius in entering upon said agreement, and the proof is that said agreement was signed at the father's instance and was done for his benefit and for the benefit of the said business, and that, therefore, the son was either the *alter ego* of his father or acted as his agent. The agreement had solely to do with the bakery business of the defendant Sam Spilke, and unless it was binding upon the said business and/or the said Sam Spilke,

would have been meaningless and useless, for the son, except as agent, employee or *alter ego*, had no interest in the said bakery and could employ and discharge its help only as such agent, employee or *alter ego* of his father. Under these circumstances the defendant may not be heard to assert that the agreement herein was not the agreement of himself and of his son.

Judgment for the plaintiff.